REVISED, October 26, 1999

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No.  98-11234

SUSAN IVY,

Plaintiff-Appellee,

VERSUS

TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
October 25, 1999

Before DUHÉ, BARKSDALE, and EMILIO M. GARZA, Circuit Judges

DUHÉ, Circuit Judge:

In this Americans with Disabilities Act ("ADA") wrongful termination case we consider the employer's appeal from the district court's judgment for the employee.  In light of the Supreme Court's recent decision in <u>Sutton v. United Air Lines, Inc.</u>, ___ U.S. ___, 119 S.Ct. 2139, (1999), which was not available to the trial court, we vacate and remand for further consideration.

### BACKGROUND

Susan Ivy ("Ivy") has a diagnosed bilateral hearing impairment.  She wears a hearing aid in her right ear to help correct her impairment. On August 27, 1996 Ivy interviewed with

John Noyes ("Noyes") of the Texas Department of Protective and Regulatory Services ("Department") for a job with the Department. Noyes recommended hiring Ivy and she started working for the Department as a Child Protective Services Specialist 1 on October 1, 1996. Ivy was to spend the first three months of her employment in classroom and on-the-job training.

Kathy Jones ("Jones") was Ivy's supervisor and conducted Ivy's on-the-job training. One day early in Ivy's tenure, Jones attempted to call to Ivy down a hallway and received no response. Jones later testified that this incident led her to suspect that Ivy had a hearing impairment. On October 29 and November 4, 1996 Jones trained Ivy and others in telephone intake. Jones had the trainees take calls over a speaker phone while she and the other trainees listened. Ivy had trouble hearing the callers during her first session, but did not mention it to Jones. In the second session, Ivy asked Jones for permission to pick up the telephone receiver in order to hear better. Jones refused, stating that Jones had to hear both sides of the conversation for training purposes.

On November 7, 1996 Jones called Ivy into her office to discuss "a sensitive subject." Jones asked if Ivy could process the information that she received over the telephone. Ivy told Jones about her hearing loss and her need to wear a hearing aid. The women then discussed Ivy's discharge options including her quitting or being fired. Shortly thereafter Jones asked Noyes to join them in the office and discuss Ivy's termination. Noyes directed Jones to write up a dismissal of Ivy. He also instructed

Ivy to pick up her dismissal papers on November 12th.

Ivy sued the Department under the ADA and Title I of the Civil Rights Act of 1991. A bench trial resulted in judgment in Ivy's favor.

STANDARD OF REVIEW

This case presents mixed questions of law and fact, subject to differing standards of review. Bridges v. City of Bossier, 92 F.3d 329, 332 (5th Cir. 1996), citing Reich v. Lancaster, 55 F.3d 1034, 1044-45 (5th Cir. 1995). We review the district court's factual findings for clear error and its legal conclusions de novo. Id.

DISCUSSION

The ADA prohibits an employer from discriminating against a "qualified individual with a disability" on the basis of his disability. 42 U.S.C. § 12112(a). To establish a prima facie case under the ADA one must show: (1) that he has a disability; (2) that he was qualified for the job; and (3) that he was subject to an adverse employment decision because of his disability. Zenor v. El Paso Healthcare Sys., Ltd., 176 F.3d 847, 853 (5th Cir. 1999), citing Robertson v. Neuromedical Ctr., 161 F.3d 292, 294 (5th Cir. 1998)(per curiam), cert. denied, ____ U.S. ____,119 S. Ct. 1575, (1999).

The ADA defines a "disability" as: (1) a mental or physical impairment that substantially limits one or more major life activities of an individual, (2) a record of such an impairment, or (3) being regarded as having such an impairment. Sherrod v. American Airlines, Inc., 132 F.3d 1112, 1119 (5th Cir. 1998),

3

<u>citing</u> 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g). The district court found as a matter of fact and concluded as a matter of law that Ivy's impairment substantially limited her major life activity of hearing.

In <u>Sutton v. United Air Lines, Inc.</u>, ___ U.S. ___, 119 S.Ct. 2139 (1999), the Supreme Court held that, contrary to agency guidelines, corrective and mitigating measures must be considered in determining whether an individual is disabled under the ADA. <u>Sutton</u>, 119 S.Ct. at 2146. The particularized inquiry mandated by the ADA centers on substantial limitation of major life activities, not mere impairment. <u>Id.</u> at 2147. As such, courts must examine how an impairment affects one's life activities in light of one's attempts to correct his impairment. <u>Id.</u> at 2146.

Ivy used a hearing aid to mitigate the effects of her hearing loss. Under <u>Sutton</u> the district court should have examined Ivy's hearing loss as corrected when determining whether she was substantially impaired. The district court heard evidence of the extent of Ivy's corrected hearing loss in the form of audiological test data. These test data indicated that Ivy's hearing could be corrected to 92% with one hearing aid and 96% with two hearing aids. These data and the testimony of Ivy's long-time audiologist interpreting them may not suggest a substantial impairment of the major life activity of hearing. Similarly, Ivy's testimony that she does not consider herself disabled and does not have much trouble functioning in the workplace despite her impairment possibly suggests that her corrected hearing impairment is not a

4

substantial limitation of a major life activity.  These facts and the court's colloquy with trial counsel concerning the mitigated/unmitigated impairment issue make it unclear whether the district court's inquiry centered on Ivy's impairment as corrected.

Although we are aware that Sutton was not available to the district court at the time it rendered judgment, the parties briefed and argued the mitigated/unmitigated hearing issue at trial and are bound by the Supreme Court's subsequent resolution of this issue.  Accordingly, we vacate the district court's judgment and remand for further consideration in light of Sutton.