# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

――――――――――

No. 99-41324
(Summary Calendar)

――――――――――

RANDOLPH JACK GARRETT,

Plaintiff - Appellant,

versus

AUTOZONE INC,

Defendant - Appellee.

――――――――――

Appeal from the United States District Court
For the Eastern District of Texas
District Court Number 98-CV-163

――――――――――

June 23, 2000

Before JOLLY, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Randolph Jack Garrett appeals the district court's grant of summary judgment against him on

his Americans with Disabilities Act ("ADA") claim.  We affirm.

――――――――――

    [*]    Pursuant to 5ᵀᴴ CɪR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5ᵀᴴ CɪR. R. 47.5.4.

Garrett was an employee of AutoZone Inc. ("AutoZone") when he was diagnosed with lupus.[1] He alleges that his condition made it difficult for him to perform some physically demanding tasks and to work in the sun.

Garrett told AutoZone store manager Graham Heflin about his diagnosis. While Heflin repeatedly expressed concern about his condition, Garrett claims that Heflin failed to take easy steps to accommodate his condition and that both Heflin and Area Manager Mark Cleveland told him that his condition "better not" affect his work.

AutoZone terminated Garrett six weeks after Garrett's diagnosis, stating that he was fired for removing five dollars from a cash register. Arguing that his termination was pretextual and that AutoZone actually fired him for being disabled, Garrett brought this ADA suit. Garrett now appeals the district court's grant of summary judgment to AutoZone. We review the court's decision *de novo*, affirming if "there is no genuine issue as to any material fact and . . . and the moving party is entitled to judgment as a matter of law." *Hawking v. Ford Motor Credit Co.*, 210 F.3d 540, 545 (5th Cir. 2000) (quoting Fed. R. Civ. P. 56(c)).

The ADA prohibits discrimination against disabled employees. *See* 42 U.S.C. § 12112(a). A plaintiff makes out a *prima facie* case of an ADA violation by showing "(1) that he has a disability; (2) that he was qualified for the job; and (3) that he was subject to an adverse employment decision because of his disability." *Ivy v. Jones*, 192 F.3d 514, 516 (5th Cir. 1999). An individual has a "disability" if the individual has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual" or is "regarded as having such an impairment." 42

---

[1] Although Garrett claims he was told he had lupus, he was later rediagnosed as having "folliculitis and fibromyalgia-like problems."

U.S.C. § 12102(2); *see also Sutton v. United Airlines, Inc.*, 527 U.S. 471, 119 S. Ct. 2139, 2144, 144 L. Ed. 2d 450 (1999) (same).

Garrett claimed that he was regarded by AutoZone as having a disability. The district court found that he made no such showing, mostly because his "own testimony demonstrates that he was treated in the same manner as he was before he informed Autozone that he had been diagnosed with lupus."[2]

To regard an employee as disabled, the employer "must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting." *Sutton*, 119 S. Ct. at 2150 ("In both cases, it is necessary that a covered entity entertain misperceptions about the individual . . . ."); *see also McInnis v. Alamo Community College Dist.*, 207 F.3d 276, 281 (5th Cir. 2000) (same). In both instances, the key to a "regarded as" claim is that the employee is viewed as having a "substantially limiting impairment," which means that the person is perceived as being either unable to perform or significantly restricted in the performance of a "major life activity." *See* 29 C.F.R. § 1630.2(j)(1), *quoted in McInnis*, 207 F.3d at 280. Major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and

---

[2] Garrett also argued that he was actually disabled. The district court rejected this claim after determining that Garrett produced no evidence of actual impairment. It noted that he "admitted that he can work in a variety of jobs" and that he failed to produce "some evidence that [he] is precluded from a wide range of jobs." Garrett has abandoned this argument by not fully presenting it on appeal. *See Ross v. University of Texas at San Antonio*, 139 F.3d 521, 524 n.1 (5th Cir. 1998) ("Ross has not articulated any cogent argument with respect to his disparate impact claim. [This] claim[] [is] therefore deemed abandoned and form[s] no part of the Court's discussion."). Similarly, his failure to renew his intentional infliction of emotional distress claim on appeal waives this claim. *See id.*

Even if we were to consider his actual disability claim, we would affirm for substantially the reasons noted by the district court. Garrett has not identified evidence showing that the district court erred in finding there was no genuine issue of material fact as to whether he was actually disabled.

working."  29 C.F.R. § 1630.2(i), *quoted in McInnis*, 207 F.3d at 280.  Garrett identifies three major life activities he was allegedly regarded as unable to perform:  working, walking, and standing.

Garrett's evidence that he was regarded as disabled consists of his co-workers' knowledge of his illness, Heflin's request for information about his illness and Heflin's statement that he needed the information to know if Garrett's condition was "going to affect his performance," statements from Heflin and Cleveland that Garrett should not let his illness affect his performance, and Heflin's statements about how serious he thought Garrett's illness was.  While this evidence shows concern over Garrett's condition and knowledge that he suffered some illness, it does not show that he was regarded as unable or limited in his ability to perform a major life activity.  An employer's knowledge of the employee's condition does not alone show that the employee was regarded as disabled.  *See Kelly v. Drexel University*, 94 F.3d 102, 109 (3d Cir. 1996) ("Moreover, we hold that the mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate either that the employer regarded the employee as disabled or that that perception caused the adverse employment action."); *Cody v. CIGNA Healthcare of St. Louis, Inc.*, 139 F.3d 595, 599 (8th Cir. 1998) ("Schultz's mere knowledge of behavior that could be associated with an impairment does not show that Cigna treated Cody as if she were disabled.").  Garrett's evidence does nothing more than show that other AutoZone employees knew about his condition.[3]

---

[3]      For example, his most persuasive evidence is various statements made by Heflin:  he understood Garrett was in pain but directed Garrett to continue working; he knew "there might be times when [Garrett would] have trouble doing a lot of walking" or "doing a lot of standing"; he thought Garrett was "gonna get tired all the time, gonna be more reactive to sunlight, gonna have spells of feeling worse and better . . . from day to day, and fatigue"; he knew that if Garrett's condition "went badly" it could become life-threatening; and he felt entitled to receive information about Garrett's condition if it might "affect his performance."  This evidence shows a knowledge of Garrett's illness and concern about it, but it does not establish the requisite belief that Garrett was substantially limited in his ability to work, stand, or walk or that his illness was actually affecting his performance.

Additionally, AutoZone's ongoing treatment of Garrett belies any claim that AutoZone regarded him as unable to work, stand, or walk. Garrett concedes that AutoZone continued to make him work without making minor accommodations for him after he told Heflin about his condition. *See Hamilton v. Southwestern Bell Tele. Co.*, 136 F.3d 1047, 1051-52 (5th Cir. 1998) (rejecting a claim that the employer regarded the employee as disabled where the employer "continued to employ [the employee] after he reported his mental difficulties" and where the employee produced no evidence that the employer regarded him as unable to perform a wide range of jobs). He never shows that AutoZone determined at some point that his abilities were limited.

Garrett relies heavily on his claim that his firing was pretextual. Even we found this relevant to his showing of a disability, *but cf. McInnis*, 207 F.3d at 280 (noting that a showing of pretext generally becomes relevant after the employee establishes a *prima facie* case of disability and after the employer articulates a non-discriminatory reason for the termination), the firing does not establish that he was regarded as unable to do anything more than the job he lost. Garrett still would not have shown that he was viewed as unable to perform a wide range of jobs, or substantially limited in his ability to walk or stand. *See Deas v. River West, L.P.*, 152 F.3d 471, 481 (5th Cir. 1998) (rejecting a claim where the plaintiff showed his employer viewed him as unable to perform a specific job but where "[t]here is no evidence that either [supervisor] thought that Deas could not work safely in either 'a class of jobs or a broad range of jobs in various classes'") (quoting 29 C.F.R. § 1630.2(j)(3)(i)); 29 C.F.R. § 1630.2(j)(3)(i) ("The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.")); *cf., e.g.*, *Rogers v. International Marine Terminals, Inc.*, 87 F.3d 755, 759 (5th Cir. 1996) ("[T]here is no evidence to connect this impairment with an inability to perform numerous jobs or other of life's ordinary

functions; absent such evidence, the mere existence of a 13% permanent, partial disability does not demonstrate that Rogers has been substantially impaired from performing a major life activity.").

In sum, Garrett failed to introduce evidence showing that he was regarded as disabled—as that term is used in the ADA—by AutoZone.  Accordingly, summary judgment against him was proper.

AFFIRMED.