Dear Mr. Burton:
This office is in receipt of your request for an opinion of the Attorney General in regard to who is responsible for various expenses incurred in an election in regard to election commissioners. You state a potential election commissioner is responsible for training expenses and for service expenses and transportation costs to and from the polling place. You ask as follows:
 Who is responsible for accommodation costs including providing an orthopedic or mobility device, a service animal, a hearing or sight enhancement aid, a language interpreter and/or any other aid required by an otherwise qualified potential election commissioner or election commissioner selected to serve at the polls?
We do not feel that a person who requires some of the services you describe would be able to qualify as a potential election commissioner inasmuch as R.S. 18:425 sets forth that the qualifications for the commissioners include that the person be "a qualified voter who is not entitled to assistance in voting"'; and must "attend a course of instructions for commissioners", and "has received a certificate of instruction". Who falls within this category is a question of fact which we cannot answer.
Moreover, as observed by this office in Atty. Gen. Op. 04-007, in the Americans with Disabilities Act, 42 U.S.C. § 12102, disability is defined as a physical or mental impairment that substantiallylimits one or more of the major life activities of suchindividual, and when a person is able to demonstrate that his condition substantially limits his ability to perform major life functions of working, it is considered a disability under the Americans with Disabilities Act.
In Sutton v. United Airlines, Inc. 119 S.Ct 2139 (1999) the Supreme Court refused to label job applicants as ADA-disabled whose severe vision impairments, when mitigated by corrective lenses, did not substantially limit their major life activities; and the Fifth Circuit has also applied this principle by holding that the corrective effects of hearing aids must be considered when determining whether a social service worker is impaired in the major life activity of working, Ivy v. Jones, 192 F.3d 514, (5th Cir. 1999).
Therefore, the essential questions here would be whether the individuals in question are qualified to be election commissioners by the requirement that they can vote without assistance, and they have received the certificate of instructions. While those individuals would be allowed reasonable accommodations, it would seem likely that they would have these accommodations in order to have received their certificates, and to fulfill the requirement that they be able to vote without assistance which is essential for the position.
However, as stated hereinabove persons, to be included in Americans with disabiliaties the person must be able to demonstrate he cannot perform a major life activitly when mitigated by corrective defices.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
CHARLES C. FOTI, JR.
ATTORNEY GENERAL
BY:_____________________________
BARBARA B. RUTLEDGE
Assistant Attorney General
CCF/bbr