United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-61000
Summary Calendar

_____

ROBERT C. WOODFORD,

                                        Plaintiff-Appellant,

versus

GORDON R. ENGLAND, In his official capacity as
Secretary of the Navy,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(1:02-CV-808)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Robert C. Woodford appeals the district
court's grant of summary judgment for the defendant, Gordon R.
England, Secretary of the Navy (Secretary), in Woodford's suit
asserting claims under Title VII of the Civil Rights Act, the Age
Discrimination in Employment Act, and the Rehabilitation Act.  On
appeal, Woodford challenges only the district court's grant of
summary judgment regarding his Disability Act claim of
discrimination on grounds of his alleged physical disability.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Woodford insists that there is at least a question as to whether he suffers a disability from hearing loss. He further asserts that there is also a question as to the extent that his hearing loss is mitigated by wearing hearing aids, adding that undisputed evidence showed that he was qualified for his job. Finally, he contends that he has established that the true reason for his termination was discrimination based on his hearing loss.

We review the record de novo. See Duckett v. City of Cedar Park, Tex., 950 F.2d 272, 276 (5th Cir. 1992). For his Rehabilitation Act claim, like a claim under the Americans with Disabilities Act, Woodford is required to establish a prima facie case by showing that he was (1) disabled, (2) qualified for the job at issue, (3) subjected to an adverse employment action because of his disability, and (4) replaced by an employee who was not disabled. See McInnis v. Alamo Cmty. Coll. Dist., 207 F.3d 276, 279-80 (5th Cir. 2000); Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000); 42 U.S.C. § 12133. To be disabled, Woodford must have a physical impairment that substantially limits his ability to perform at least one major life activity, such as hearing. See Waldrip v. General Elec. Co., 325 F.3d 652, 654 (5th Cir. 2003); 29 C.F.R. § 1630.2(i).

It is not disputed that Woodford has suffered hearing loss. The question is whether Woodford's hearing is substantially limited or significantly restricted. 29 C.F.R. § 1630.2(j)(1). As Woodford averred in his affidavit that even when using his hearing aid he

has difficulty hearing, his affidavit creates a genuine issue of material fact regarding whether he may in fact be disabled. See Sutton v. United Air Lines, Inc., 527 U.S. 471, 482-83 (1999); Ivy v. Jones, 192 F.3d 514, 516 (5th Cir. 1999).

That alone is not enough, however. Woodford also must show that he was subjected to an adverse employment action solely because of his disability. See Soledad v. U.S. Dept. of Treasury, 304 F.3d 500, 505 (5th Cir. 2002). The only evidence that Woodford offered regarding the motivation for his firing was Elizabeth A. Strickland's affidavit which, he contends, shows that he was terminated because of his hearing loss. Ms. Strickland did not, however, aver that Woodford's hearing difficulty had anything to do with his termination; rather her affidavit suggests a belief that Woodford's termination was in retaliation for filing a claim related to his hearing loss.

Woodford has presented no evidence to show that he was adversely treated "solely because of" his disability. See id. Consequently, even if we assume arguendo that Woodford was disabled within the meaning of the Rehabilitation Act, summary judgment for the Secretary was still proper. See Bickford v. International Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981). The district court's judgment is
AFFIRMED.

3