# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-10162

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Plaintiff-Appellee

v.

BOBRICH ENTERPRISES, doing business as Subway

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-01928

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

This appeal stems from an Americans with Disabilities Act (ADA) enforcement action filed against Bobrich Enterprises by the Equal Employment Opportunity Commission (EEOC) on behalf of former Bobrich employee Tammy Gitsham. *See* Americans with Disabilities Act of 1990 (Title I), 42 U.S.C. §§ 12111-12117. In January 2008, pursuant to a jury verdict—and after considering Bobrich's post-trial renewed motion for judgment as a matter of law

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(JMOL)—the district court entered judgment, ordering Bobrich, *inter alia*, to pay $50,000 in compensatory and $100,000 in punitive damages for ADA violations.

Bobrich urges: JMOL should have been granted because insufficient evidence supported the jury's finding Gitsham was disabled and subject to a hostile-work environment; and the district court abused its discretion by excluding certain impeachment evidence. AFFIRMED.

I.

Gitsham was employed by Bobrich from 2001 to 2003 as a Subway restaurant store manager and, later, area supervisor. Gitsham has permanent hearing loss in both ears; wears hearing aids; and, even with those hearing aids, experiences difficulty comprehending speech and sounds in some situations.

During her employment at Bobrich, Gitsham's immediate supervisor, Gilbert, repeatedly made statements about Gitsham's hearing impairment that Gitsham found embarrassing, including, *inter alia*, asking whether Gitsham had her "ears on" at the start of staff meetings. There was also testimony that Suarez, Bobrich's president, made a similar remark to Gitsham at an office Christmas party.

The pattern of remarks continued even after Gitsham's complaints to Gilbert and to Schuster, a supervisor. Gitsham consulted with the EEOC in January 2003; that May, she resigned from Bobrich. The EEOC commenced this ADA enforcement action against Bobrich in September 2005.

Trial was held in mid-2007. In January 2008, pursuant to a jury verdict—and after considering Bobrich's post-trial renewed JMOL motion—the district court entered judgment, requiring Bobrich, *inter alia*, to pay $150,000 in compensatory and punitive damages for ADA violations. (The district court did, however, grant Bobrich JMOL on the constructive-discharge claim.)

II.

Bobrich essentially raises two issues: whether the district court improperly denied JMOL on the disability and hostile-work-environment claims; and whether its exclusion of certain impeachment evidence was an abuse of discretion. (The JMOL for Bobrich on constructive-discharge is not at issue.)

A.

Bobrich contests the denial of JMOL on the claims that Gitsham was: disabled under the ADA; and subject to a hostile-work environment. A JMOL denial is reviewed *de novo*. *E.g., Arsement v. Spinnaker Exploration Co.*, 400 F.3d 238, 248 (5th Cir. 2005). "JMOL is proper when 'the facts and inferences point so strongly and overwhelmingly in favor of one party that the court concludes that reasonable jurors could not arrive at a contrary verdict.'" *Id.* at 248-49 (quoting *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 273 (5th Cir. 1997)); *see also* FED. R. CIV. P. 50(a). Restated, the JMOL denial must be upheld unless "there is *no* legally sufficient evidentiary basis for the jury's verdict". *Lane v. R.A. Sims, Jr., Inc.*, 241 F.3d 439, 445 (5th Cir. 2001) (emphasis in original) (internal quotation marks omitted); *see* FED. R. CIV. P. 50(a)(1).

"For our *de novo* review of a JMOL-denial, we 'review all of the evidence in the record . . . [but] may not make credibility determinations or weigh evidence'". *Arsement*, 400 F.3d at 249 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Likewise, "the evidence, as well as all reasonable inferences from it, are viewed in the light most favorable to the verdict". *Lane*, 241 F.3d at 445.

1.

The jury found that Gitsham "suffered from a 'disability' while she was employed by Bobrich". In denying Bobrich's renewed JMOL motion, the district court held "legally sufficient evidence supports the finding that Ms. Gitsham was disabled as a matter of law".

"A 'disability' under the ADA is defined as 'a physical or mental impairment that *substantially limits* one or more of the major life activities of [an] individual; a record of such impairment; or being regarded as having such an impairment'". *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 280 (5th Cir. 2000) (quoting 42 U.S.C. § 12102) (emphasis added). Hearing is a "major life activity". *E.g., Ivy v. Jones*, 192 F.3d 514, 516 (5th Cir. 1999). That major life activity is "substantially limited" when the individual is:

> (i) [u]nable to perform a major life activity that the average person in the general population can perform; or
> (ii) [s]ignificantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

*McInnis*, 207 F.3d at 280 (quoting 29 C.F.R. § 1630.2).

A reasonable juror could find Gitsham was disabled under the ADA. Among other things, Gitsham has worn hearing aids since 1995; an audiologist testified regarding Gitsham's impairment; and another witness, Massey, testified about the limitations Gitsham experiences even while wearing her corrective hearing aids.

### 2.

The jury found "that . . . Suarez and/or . . . Gilbert subjected Tammy Gitsham to a hostile work environment because she [is disabled under the ADA]". In denying Bobrich's renewed JMOL motion, the district court held: "[T]he Bobrich managers' conduct was sufficiently severe to . . . create a hostile work environment".

### a.

Bobrich failed to raise this hostile-work-environment challenge in its JMOL motions at the close of the EEOC's case and at the close of its own case. *See* FED. R. CIV. P. 50(a). Instead, Bobrich's hostile-work-environment challenge

was raised, for the first time, in its post-trial *renewed* JMOL motion. *See* FED. R. CIV. P. 50(b).

Generally, "[i]f a party fails to raise an issue in its Rule 50(a)(1) [JMOL] motions at trial, it may not do so in its post-trial Rule 50(b) [JMOL] motion". *Arsement*, 400 F.3d at 247. However, "[a]n exception occurs if the nonmovant . . . fails to [object] to the Rule 50(b) motion". *Id.*

The EEOC did not object to the inclusion of the new hostile-work-environment challenge in Bobrich's Rule 50(b) motion. Because of this failure, this issue is not forfeited, and is reviewed under the same *de novo* standard applied to Bobrich's disability challenge, *supra*. *E.g., Thompson & Wallace of Memphis, Inc. v. Falconwood Corp.*, 100 F.3d 429, 435 (5th Cir. 1996) (discussing failure to object); *Arsement*, 400 F.3d at 248-49 (discussing the applicable *de novo* standard of review).

Along this line, *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006) (involving the interplay of Federal Rules of Civil Procedure 50(a) and 50(b)) does not require reconsideration of our court's above-stated failure-to-object rule.

b.

A hostile-work environment, sufficient to give rise to an action under the ADA, exists when "the disability-based harassment [is] '. . . sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment'". *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 236 (5th Cir. 2001) (quoting *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 563 (5th Cir. 1998)). For determining whether a working environment is abusive,

> this court must consider the entirety of the evidence presented at trial, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance. Even under this circuit's

fairly high standard for severe or pervasive conduct, this court can reverse a jury verdict only when reasonable minds in the exercise of impartial judgment could not have arrived at that verdict.

*Id.* (internal quotations and citations omitted); *see also Soledad v. U.S. Dep't of Treasury*, 304 F.3d 500, 506 (5th Cir. 2002).

A reasonable juror could find a hostile-work environment. Among other things, the testimony of witnesses Massey and Shuster, as well as Gitsham's own testimony, is probative of a repeated pattern of harassing statements; Gitsham voiced her objection to these statements; and the harassment continued.

In sum, and essentially for the reasons stated by the district court in its detailed opinion concerning the renewed JMOL motion, JMOL was properly denied for the disability and hostile-work-environment issues. *See Equal Employment Opportunity Comm'n v. Bobrich Enters.*, No. 3:05-CV-1928-M (N.D. Tex. 8 Jan. 2008) (order addressing Bobrich's renewed JMOL motion).

### B.

The last issue concerns the exclusion of certain impeachment evidence. At trial, Bobrich sought to elicit testimony that, *inter alia*, Gitsham, on her Bobrich job application, failed to honestly disclose past job experience, felony convictions, and use of other names. The district court did not allow Bobrich to cross examine Gitsham about these matters, ruling: "The prejudicial impact of this [evidence] is extremely significant"; and "the probative value is not sufficient to outweigh that prejudicial effect".

Evidentiary rulings are reviewed for abuse of discretion. *E.g., DeCorte v. Jordan*, 497 F.3d 433, 440 (5th Cir. 2007). Moreover, "[e]ven if an abuse of discretion is found, the error will be considered harmless unless a substantial right of the complaining party was affected". *Id.* (citing *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 408 (5th Cir. 2004)); *see* FED. R. EVID. 103(a).

Because the felony convictions at issue were more than ten years old, Bobrich did not seek to introduce them under Federal Rule of Evidence 609 (pertaining to impeachment using conviction evidence for "the purpose of attacking the character for truthfulness of a witness"). *See* FED. R. EVID. 609(b) (generally prohibiting admission of convictions more than ten years old). Instead, Bobrich sought to introduce Gitsham's job-application misrepresentations *about* the convictions, along with other job-application misrepresentations, under Federal Rule of Evidence 608(b) (permitting specific instances of conduct to "be inquired into on cross-examination of the witness . . . concerning the witness' character for truthfulness or untruthfulness").

The district court excluded this job-application-misrepresentation evidence pursuant to Federal Rule of Evidence 403, determining its probative value was outweighed by its prejudicial effect. Consistent with that determination, our court has recognized,

> [s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in [R]ule 609, may not be proved by extrinsic evidence. They may, however, *in the discretion of the court*, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness . . . . FED. R. EVID. 608(b). . . . The district court has substantial discretion in determining the admissibility of impeachment evidence under Rule 608(b). *United States v. Farias-Farias*, 925 F.2d 805, 809 (5th Cir. 1995). Finally, even if character evidence is deemed admissible under Rule 608(b), its admissibility is subject to Rule 403. *Id.*; *see also United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987) ("The district court *may* under Rule 608(b) determine if evidence is probative of truthfulness, and *under Rule 403 exclude even probative evidence* if the prejudicial effect outweighs the probative value.").

*United States v. Skelton*, 514 F.3d 433, 443-44 (5th Cir.), *cert. denied*, 129 S.Ct. 102 (2008) (emphasis added).

Evidence *provided by witnesses other than Gitsham* showed, *inter alia*, the existence of a disability and a hostile-work environment; the jury did not depend solely upon Gitsham's testimony. The district court did not abuse its discretion when it determined the probative value of the impeachment evidence at issue would be outweighed by, *inter alia*, the prejudicial effect of referencing Gitsham's prior felonies.

### III.

For the foregoing reasons, the judgment is AFFIRMED.